In re Nominations Petitions of Pius A. **NARK, as Candidate for District Justice, District 38–1–01 on the Republican and Democratic Ballots in the 1999 Primary Election.**

### Richard Indiveri and Dona Dzedzy, Appellants.

Commonwealth Court of Pennsylvania.

Argued April 21, 1999.
Decided April 28, 1999.

Roger B. Reynolds, Jr., Norristown, for appellants.

P. Alan Zuick, Norristown, for appellee.

Joseph E. Bresnan, Ambler, for amicus curiae, Montgomery County Election Board.

Before COLINS, President Judge, DOYLE, J., and FRIEDMAN, J.

DOYLE, Judge.

Richard Indiveri and Dona Dzedzy (collectively, Appellants) appeal from an order of the Court of Common Pleas of Montgomery County that dismissed their objections to the nominating petitions of Pius A. Nark as a cross-filed candidate for the office of District

Justice in the Republican and Democratic primaries in district 38–1–01, Montgomery County.

On March 9, 1999, Nark filed nominating petitions with the Montgomery County Board of Elections, allowing his name to be placed on the Republican and Democratic ballots as a candidate for District Justice. On March 16, 1999, Appellants, as qualified Republican and Democratic voters residing within the district, filed objections to these nominating petitions on the basis that Nark, as a duly elected constable, was prohibited from running for or holding any other elected office in government, including that of District Justice. Appellants' objections were based upon our Supreme Court's opinion in *Commonwealth ex rel. MacElree v. Legree*, 530 Pa. 381, 609 A.2d 155 (1992). Nark filed an answer to the objections and a hearing was held by Common Pleas on March 19, 1999. On March 22, 1999, Common Pleas entered an order dismissing Appellants' objections. This appeal followed.

On appeal to this Court, Appellants present a singular issue of law and argue that Nark is barred from running for the office of District Justice without first resigning his position as an elected constable, and, since he did not resign, Common Pleas erred by not setting aside Nark's nominating petitions.

In *MacElree*, our Supreme Court first addressed the issue of whether a city council member could simultaneously serve in that capacity and also serve as a constable of the city of Coatesville. The Court began its analysis with Section 10 of what is commonly referred to as the "State Ethics Act," [1] which provides:

> Nothing in this act, or in any other law or court rule shall be construed to prohibit any constable from also being an officer of a political body or political party as such terms are defined in the act of June 3, 1937 (P.L. 1333, No. 320) [25 P.S. § 2600 et seq.], known as the "Pennsylvania Election Code," and the same may hold the office of a county, State or national committee of any political party, **and may run for and hold any elective office,** and may participate in any election day activities.

65 P.S. § 410 (emphasis added). The *MacElree* Court first addressed the meaning of the phrase "any elective office" in the third clause of the statute, which facially, at least, purports to specifically permit a constable to "run for and hold **any** elective office" (emphasis added), which would include the office of city councilman. But such an interpretation would be directly contrary to the provisions of other state laws, as well as Coatesville's Home Rule Charter, and the Supreme Court held that, "[t]he context of the phrase suggests that the most reasonable interpretation is 'any elective office **of any political party**,' which is consistent with the thrust of the statute." *MacElree*, 530 Pa. at 385, 609 A.2d at 157 (emphasis added). The Supreme Court went on to add the following:

> If we interpret the third clause as suggested above—that constables may run for and hold any elective office in a political party, it has the effect of harmonizing the third clause with the remainder of section 410. It is reasonable to read the third clause of section 410 as permitting a constable to run for and hold any county, State, or national elective office in a political party, rather than any elective public office in government. Ejusdem generis expresses a rule of construction that a general expression used in a statute is limited to things similar to items specifically enumerated in the language preceding the general expression. . . . This principle is applicable to the third clause of this statute, which is best understood as referring to elective offices in political parties, for the other three clauses specifically refer to partisan political activity. **We believe this to be the most reasonable construction consistent with legislative intent.**

*MacElree*, 530 Pa. at 386, 609 A.2d at 157 (emphasis added) (citations omitted).

Section 203 of the Home Rule Charter of the City of Coatesville prohibits a council member from also serving simultaneously as a constable; moreover, Section 1001 of the Third Class City Code,[2] as well as Section 14

---

**1.** Act of October 4, 1978, P.L. 883, *as amended,* 65 P.S. § 410.

**2.** Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. § 36001. Section 1001 provides as follows:

of the Act of May 15, 1874, P.L. 186, 65 P.S. § 14,[3] dealing with incompatible offices, also prohibit a constable from **holding** the office of council member. Therefore, the Supreme Court, by interpreting the State Ethics Act as it did in *MacElree*, harmonized all of the law and concluded that a city council member could not simultaneously hold that office and also hold the office of constable.

We believe, however, that *MacElree* does not control the issue presented in this case. While *MacElree* determined that Section 10 of the State Ethics Act gave constables the right to run for and hold political party office, the holding was actually silent on the converse issue of whether constables have the right to run for and hold **elected government office.** The *MacElree* Court simply determined that a city council member was not permitted to *hold* both offices because of applicable provisions of the Home Rule Charter and state law. Here, however, the offices in the present appeal are those of district justice and constable and the applicable state statute provides:

> It shall not be lawful for any constable to hold or exercise the office of justice of the peace [4] or alderman.

65 P.S. § 17. Although this statute explicitly prohibits a constable from holding the office of district justice, it is silent as to whether a constable may **run** for district justice. Accordingly, we believe that a constable is not prohibited from running for the office of district justice, but if successful in the general election, he or she would have to resign

that constable's post before assuming the office of district justice.

Accordingly, the order of Common Pleas is affirmed.

### *ORDER*

**NOW,** April 28, 1999, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

---

The councilmen shall be at least twenty-one years of age, and shall be elected by the electors at large. They shall have been residents of the city wherein they shall be .elected throughout one year next before their election, and shall reside therein throughout their terms of service. No officer of the United States or of the Commonwealth of Pennsylvania (except notaries public or officers of the militia), nor any county officer, nor any officer of any school district embraced in the territory of said city, nor any officer or employe of said city, or of any department thereof, nor any member or employe of a municipality authority of which the city is a member, shall serve as a councilman during his continuance or employment, except as hereinafter provided.

3. 65 P.S. § 14 provides as follows:

Members of councils shall not hereafter hold any city or county offices in the choice of the people while serving as a member of said councils.

4. Section 3(d) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, *as amended,* provides as follows:

An express reference in any statute or other law to a justice of the peace or to the office of justice of the peace shall hereafter be deemed a reference to a district justice or to the office of district justice. Any person appointed or elected to judicial office in a magisterial district shall be known as and hereafter shall be commissioned as the 'district justice' in and for the appropriate magisterial district. 42 P.S. § 20003(d).